FILED'11 JAN 25 15:23USDC-ORE

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

STEVEN CHAD SEYMOUR,　　　　　　　　　　　　　　　　　09-6318-TC

　　　　　　Plaintiff,

　　v.　　　　　　　　　　　　　　　　　　　　　ORDER AND FINDINGS AND
　　　　　　　　　　　　　　　　　　　　　　　　RECOMMENDATION
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA; et al.,

　　　　　　Defendants.

COFFIN, Magistrate Judge:

　　Steven Chad Seymour (plaintiff) brings this action for a declaration of his rights under defendant Nation Union Fire Insurance Company (National Union) for defense and immunity related to an October 2007 automobile accident. Several lawsuits have been filed against plaintiff in Oregon state court alleging that he was the cause of the accident[1], which resulted in multiple injuries and one death to multiple parties—all of whom are joined as defendants in this case. National Union has

---

[1] On March 11, 2010, all of the underlying cases were consolidated for trial in Lane County Circuit Court. On March 19, 2010, the Lane County Circuit Court stayed the consolidated actions pending the outcome of this case. (dkt. #41 at 3).

Page 1 - ORDER AND FINDINGS AND RECOMMENDATION

agreed to defend plaintiff in the lawsuits against him, but it has not agreed to indemnify him. Plaintiff, however, has yet to have any liability in the lawsuits for which he seeks indemnity coverage. Currently before me are two motions filed by National Union: a motion to compel information about plaintiff's medical history (dkt. #29) and a more recently filed motion to dismiss or in the alternative, stay this proceeding pending the outcome of the underlying lawsuits. (dkt. #38). For the reasons discussed below, I recommend that the court deny the motion to dismiss or, in the alternative stay the proceedings. I grant the motion to compel in part.

## Discussion

### I. Motion To Dismiss, or in the Alternative, Stay the Proceedings

I find that this court should deny National Union's motion to dismiss. National Union argues that dismissal is warranted because under the coverage contract, plaintiff is prohibited from bringing an action against it until plaintiff has been held liable. The coverage language does set forth that no insured may bring an action against National Union until the insured has an obligation to pay. That clause goes on to state that the insured "does not have the right to bring [National Union] into an action to determine [plaintiff's] liability." I cannot find that this language requires plaintiff to wait to bring a declaratory action regarding whether National Union has a duty to indemnify him until there is an actual award against him. This interpretation would have a chilling effect on any settlement negotiations in underlying–but not yet resolved, actions and it could result in substantial delays to winning plaintiffs in underlying litigation. I further find that plaintiff's claim is ripe for adjudication–even without a judgment against him in the underlying lawsuit, a controversy still exists regarding whether National Union must indemnify plaintiff for any such judgment. I recommend that this court deny National Union's motion to dismiss.

A district court has the inherent power to grant a motion to stay. This power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). In considering National Union's motion to stay, I weigh the following competing interests:

> the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962) (citing Landis, 299 U.S. at 254-55). Courts have interpreted the third factor as a question of judicial economy. Wright, Miller & Cooper, Federal Practice and Procedure § 3866 (1986).

As noted above, it is agreed that National Union will defend plaintiff in the underlying actions. Whether National Union will indemnify plaintiff for any award against him in the underlying actions remains in dispute in this declaratory action. At this stage, it is not clear whether plaintiff will be obligated–and thus require indemnification, for any amount; that is contingent upon the outcome of the underlying suits. In its motion to stay, National Union points out that "[u]nder Oregon law, an insurer may not develop evidence in a declaratory judgment proceeding to establish that its policy does not apply to the claim asserted against its insured in an underlying action before the conclusion of the underlying action." Allstate Ins. Co. v. Hall, 2006 WL 2519608 *6-7 (D.Or. August 29, 2006) (citing N. Pacific Ins. Co. v. Wilson's Dist. Serv., Inc., 138 Or.App. 166, 170 (1995). National Union further notes that, when the coverage question turns on facts yet to be litigated in another action, it is appropriate to stay the declaratory action both to avoid inconsistent

factual determinations. See e.g., Home Indem. Co. v. Stimson Lumber Co., 229 F.Supp.2d 1075, 1086-87 (D.Or. 2001)(discussing that a stay is appropriate when an insurer's proof in the declaratory action could prejudice its insured in the underlying action). Plaintiff argues against the stay on the grounds that National Union owes him a duty to settle the underlying claims.

I find that moving forward with a determination of whether National Union has a duty to indemnify plaintiff will not result in an inconsistent factual determination–indeed, the factual determination here would be whether the operative contract requires indemnification, while the determination in state court will center on a negligence. National Union's proof in this declaratory action will not prejudice plaintiff in the Lane County Circuit Court actions. Further, I conclude resolving the indemnity issue may significantly further any settlement negotiations in the Lane County proceedings, thus furthering judicial economy. In contrast, National Union will suffer no hardship by moving forward in this action. After weighing the above mentioned factors, I find that a stay is not appropriate.

## II.     Motion to Compel

National Union seeks to compel plaintiff's medical records and to identify his medical providers for from 2000 through the October 2, 2007 accident. National Union also seeks an order compelling plaintiff's continued deposition in light of the information contained in his medical records. In support of its motion, National Union argues that it reserves the right to refuse to indemnify plaintiff based on the "expected or intended injury" exclusion in its policy language. National Union argues that plaintiff's medical records are relevant to its defense in this declaratory action. In other words, one of National Unions defenses to indemnifying plaintiff is whether he knew or should have known that he should not have driven on October 2, 2007. National Union

Page 4 - ORDER AND FINDINGS AND RECOMMENDATION

asserts plaintiff's medical records are relevant to that issue and, that by bringing this declaratory action, plaintiff has put his medical records directly at issue. I cannot agree that plaintiff put his medical records at issue by bringing an action to clarify his rights under National Union's policy. A more apt statement would be that National Union seeks to put plaintiff's medical records at issue with its defense. Accordingly, I decline to order plaintiff to produce information sought by National Union that is covered by the physician-patient privilege. That privilege covers confidential communications made for the purpose of diagnosis or treatment of the patient's physical condition. It does not extend to facts regarding the existence of a physician-patient relationship, such as the identity of health care providers or dates of treatment. See OEC 504-1(2). Accordingly, I order plaintiff to respond to Interrogatory No. 1 by providing the identity of health care providers and the dates of treatment. Plaintiff need not provide his medical records or disclose any communications made for the purposes of diagnosis or treatment.

### Conclusion

I recommend that National Union's motion to dismiss, or in the alternative, for a stay (dkt. #38) be denied.

I order that the motion to compel (dkt. #29) is granted in part. Plaintiff is ordered to respond to Interrogatory No. 1. With regard to the other discovery sought, the motion to compel is denied.

IT IS SO ORDERED

DATED this 25th day of January 2011.

THOMAS M. COFFIN
United States Magistrate Judge

Page 5 - ORDER AND FINDINGS AND RECOMMENDATION